UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| S.S. & G., LLC, NEVADA CITY HOTEL, LLP, | ) ) ) | |
| Plaintiffs, | ) | CIV. S-02-2514 GEB JFM |
| v. | ) ) | |
| STATE OF CALIFORNIA, a governmental entity; LOWELL ROBINSON, an individual; NEIL H. ROBINSON, an individual; ROBINSON & SONS, a California general partnership; RIEBE'S AUTOMOTIVE SUPPLY, a California corporation; BART RIEBE, an individual; HOLDREGE & KULL, a California corporation; | ) ) ) ) ) ) ) ) ) ) ) | ORDER TO SHOW CAUSE |
| Defendants. | ) ) | |

At the May 23, 2005, Status (Pretrial Scheduling) Conference, Stephen Craig Hunter, counsel for The Pentecostal Church of God, sought to open the closed law and motion deadline for The Pentecostal Church of God so it could file a motion for summary judgment. When Mr. Hunter was asked why this request was not mentioned in the parties' JSR, he indicated The Pentecostal Church of God did not file a status report on the issue. Therefore, The Pentecostal Church of God and Mr. Hunter were ordered to show cause ("OSC") on or before June 3, 2005, why sanctions should not be imposed

1

1  under Rule 16(f) of the Federal Rules of Civil Procedure against The
2  Pentecostal Church of God and/or Mr. Hunter because of the failure to
3  file a status report on this party's position that law and motion be
4  opened so it could file a motion for summary judgment.[1]  The hearing
5  on the OSC will occur on June 20, 2005, at 10:00 a.m.
6          IT IS SO ORDERED.
7  Dated:  May 24, 2005

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2